```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

DALE F. COOK and TAMMY LYNN      )
COOK, individually and upon      )
the relation                     )
the State of North Carolina,     )
                                 )
     Plaintiffs,                 )
                                 )
          v.                     )          1:11CV24
                                 )
BRAD RILEY, individually         )
and in his official capacity     )
as Sheriff of Cabarrus           )
County, North Carolina;          )
JASON THOMAS, individually       )
and in his official capacity     )
as Deputy Sheriff of             )
Cabarrus County;                 )
ROBERT WENSIL, individually      )
and in his official capacity     )
as Deputy Sheriff of             )
Cabarrus County; and             )
PENNSYLVANIA NATIONAL            )
MUTUAL CASUALTY INSURANCE        )
COMPANY, a corporation, in       )
its capacity as Surety on        )
the official bond of             )
the Sheriff of Cabarrus          )
County,                          )
                                 )
     Defendants.                 )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Strike Plaintiff's [sic] Expert Designations (Docket Entry 32). (See Docket Entry dated May 31, 2012.) For the reasons that follow, the Court will deny the instant Motion.

## Background

This case arises from Defendant Cabarrus County Deputy Sheriff Jason Thomas's deployment of a TASER against Plaintiff Dale F. Cook. (See Docket Entry 1.) Deputy Thomas and Defendant Sergeant Robert Wensil (also from the Cabarrus County Sheriff's Office) responded to the home of Mr. Cook and his wife, Plaintiff Tammy Lynn Cook, to serve a warrant Mrs. Cook took out on Mr. Cook. (Docket Entry 33 at 1-2.) Deputy Thomas ultimately deployed his TASER against Mr. Cook, who was seated in a tree stand behind the home. (Docket Entry 33 at 2; Docket Entry 40 at 2.) Mr. Cook allegedly fell from the stand as a result and suffered serious injuries. (Docket Entry 33 at 2; Docket Entry 40 at 2.)

Plaintiffs then brought this suit against Deputy Thomas, Sergeant Wensil, Defendant Cabarrus County Sheriff Brad Riley, and Defendant Pennsylvania National Mutual Casualty Insurance Company, the surety of the Cabarrus County Sheriff, alleging excessive force in violation of the Fourth Amendment of the United States Constitution and related state law claims. (Docket Entry 1; Docket Entry 33 at 1; Docket Entry 40 at 2.) During discovery, Plaintiffs "identified Dave F. Cloutier, Jr. and Jon D. Perry as expert witnesses in the field of law enforcement." (Docket Entry 40 at 2.) Defendants have now moved to strike those designations. (Docket Entry 32.) Plaintiffs timely filed a response (Docket Entry 40) to which Defendants replied (Docket Entry 67).

Discussion

Defendants "move the Court for an Order striking the Designations of the Plaintiff's [sic] Experts Dave F. Cloutier and Jon D. Perry on the grounds that their opinions, as expressed in their reports and depositions, are inadmissible under Rules 403, 702 and 703 of the Federal Rules of Evidence . . . ." (Docket Entry 32 at 1 (capitalization as in original).)

Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 703 reads:

[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally

-3-

observed.  If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

Although Defendants cite Rules 403 and 703 (Docket Entry 32 at 1; Docket Entry 33 at 1), the argument they develop focuses only on Rule 702 (see Docket Entry 33).

### Dave F. Cloutier

Plaintiffs identified Mr. Cloutier as a law enforcement expert "who specializes in use of force, crime scene investigation, and criminal investigative procedures." (Docket Entry 40 at 3.) Mr. Cloutier's report leads off with two opinions:

> (1) Based upon my training, experience, education and knowledge, the defendant officers in this matter utilized <u>excessive, unreasonable and disproportionate force</u> in light of the totality of circumstances as described by the plaintiff and witnesses.  This opinion is further substantiated by the absence of pertinent physical evidence described by the defendants.
>
> (2) Based upon my training, education, knowledge and experience, the defendant officers' actions exhibited a <u>gross and reckless disregard</u> relative to the safety of the plaintiff, Dale F. Cook in this matter; actions that were <u>negligent</u> and inconsistent with standard law enforcement training and were more likely than not, the <u>proximate cause</u> of plaintiff's egregious injury.

(Docket Entry 33-3 at 5 (emphasis added).)  Defendants argue that the Court should strike Mr. Cloutier's designation because these

-4-

opinions "merely state legal conclusions that are not helpful to the jury in its determination, and ultimately invade the province of the jury." (Docket Entry 33 at 2.) Defendants do not object to Mr. Cloutier's qualifications as an expert. (See id. at 2-4.)

Rule 702 allows expert testimony "on scientific matters, technical matters, or matters involving other specialized knowledge so long as the testimony *will assist the trier of fact* to understand the evidence or to determine a fact in issue." United States v. Offill, 666 F.3d 168, 175 (4th Cir. 2011) (emphasis in original) (internal quotation marks omitted). "The touchstone of the rule is whether the testimony will assist the jury." Id. "Expert testimony that merely states a legal conclusion is less likely to assist the jury in its determination." United States v. Barile, 286 F.3d 749, 760 (4th Cir. 2002).

Fourth Circuit precedent indicates that an expert's submission of legally conclusive opinions does not by itself provide grounds to strike the designation of an expert in a case like this one. In Kopf v. Skyrm, 993 F.2d 374, 377-79 (4th Cir. 1993), the Fourth Circuit found that the district court abused its discretion by excluding an expert's testimony in an excessive force case involving the use of a police dog and a slapjack on a suspect. The court noted first that an expert's opinion "is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact, though such an opinion may be excluded if it is not

-5-

helpful to the trier of fact under Rule 702." Id. at 377-78 (internal quotations and citations omitted). It went on to hold that, even if the expert's ultimate conclusion was inadmissible, that fact "does not necessarily banish him from the stand altogether." Id. at 378.

The Fourth Circuit further observed that "[t]he facts of every case will determine whether expert testimony would assist the jury." Id. at 379. Where the force used is "reduced to its most primitive form – the bare hands – expert testimony might not be helpful." Id. But as the tool used becomes more specialized, expert testimony generally becomes more helpful. Id. Although the court found that a layperson readily may understand the damage potentially caused by a "club" (i.e., a slapjack), it ruled that the expert "should clearly have been permitted to testify as to the prevailing standard of conduct for the use of slapjacks, even if he had been precluded from giving an opinion on the ultimate issue of whether the use in [that particular] case was reasonable." Id.

Plaintiffs in the instant case concede that Mr. Cloutier's legal conclusions may not be admissible at trial. (Docket Entry 40 at 11-12.) They rightly point out, however, that the inadmissibility of such opinions fails to afford grounds for striking his designation completely. Like the expert in Kopf, Mr. Cloutier arguably could provide testimony about standard practices regarding the use of TASERs that the trial judge might find helpful

-6-

to the jury.  In addition, as Plaintiffs have argued, a TASER represents a more specialized tool than a club (or perhaps even a gun) and thus Mr. Cloutier may offer information about TASERs themselves, including how they work and what kind of effect they have on a subject, that the trial judge deems helpful to the jury. (See Docket Entry 40 at 4 (citing Docket Entry 33-3 at 5-7; Docket Entry 47 at 73-74).)  Finally, the Fourth Circuit has noted that where (as in excessive force cases) the applicable standard "is not defined by the generic - a reasonable *person* - but rather by the specific - a reasonable *officer* - it is more likely that Rule 702's line between common and specialized knowledge has been crossed." Kopf, 993 F.2d at 378 (emphasis in original).  Mr. Cloutier's opinions about the conduct of Deputy Thomas and Sergeant Wensil thus may have a greater likelihood of proving useful to the jury.

In sum, Defendants have not shown cause to strike Plaintiffs' designation of Mr. Cloutier as an expert.  Although the trial judge may not admit testimony from him about some matters, that fact does not provide sufficient reason to strike his designation.  The Court thus will deny Defendants' Motion to Strike as to Dave Cloutier.

### Jon D. Perry

Plaintiffs designated Mr. Perry as a law enforcement expert "who specializes in crisis negotiation and criminal investigation procedures."  (Docket Entry 40 at 5.)  Mr. Perry's first opinion appears as follows:

-7-

> Upon receiving information from Mr. Cook's wife that the subject had left his residence armed and had walked into the woods, [Deputy Thomas and Sergeant Wensil] should have immediately notified their Capt. and requested the Tactical Team and a negotiator to respond to the scene for safe recovery of the subject.

(Docket Entry 52-1 at 4.) Defendants assail this opinion as "unreliable, irrelevant and therefore inadmissible." (Docket Entry 33 at 5.) They claim it "is not based on any standards or regulations, industry-wide, state imposed or within the Cabarrus County Sheriff's Office; it is simply his personal opinion, and based on speculation." (Id.) Defendants do not object to Mr. Perry's second opinion. (See id. at 5-6.) Nor do Defendants contest Mr. Perry's qualifications as an expert. (See id.)

Because Defendants object to only one of Mr. Perry's opinions, the Court will not strike his designation as an expert. See Kopf, 993 F.2d at 379 n.3 ("We mean [] to illustrate that difficult questions of the admissibility of particular portions of a witness' testimony are best considered individually, and the potential inadmissibility of [the expert's] ultimate opinion is not a sufficient basis to wholly bar him from the stand *in limine*."). Nor does the record clearly show that Mr. Perry's challenged opinion impermissibly relies on speculation.

"A reliable expert opinion must be based on scientific, technical, or other specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." Oglesby v. General Motors Corp., 190 F.3d

-8-

244, 250 (4th Cir. 1999) (emphasis in original) (citing <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 590, 592-93 (1993)). Defendants refer to a portion of Mr. Perry's deposition transcript discussing the point where Deputy Thomas and Sergeant Wensil allegedly learned from Mrs. Cook that Mr. Cook had walked into the woods with a gun, wherein Mr. Perry acknowledged that he could not point to anything "<u>in writing</u> that says in <u>this situation</u> there is an <u>industry standard</u> that these officers should have called their captain at that point and requested tactical." (Docket Entry 52 at 45 (emphasis added).) However, Defendants have not cited authority establishing that the absence of a written industry rule for the exact situation law enforcement officers encountered would render an expert's opinion wholly speculative. (<u>See</u> Docket Entry 33 at 2-4.) Mr. Perry demonstrated in his report and resume that he relied on knowledge derived from his extensive training and experience in crisis negotiation and criminal investigation in arriving at the opinions he expressed. (<u>See</u> Docket Entry 52-1 at 1-4, 9-17.)

Defendants also point to a discussion in a draft of Mr. Perry's report in which he notes certain information negotiators may have uncovered had Deputy Thomas and Sergeant Wensil called on them for assistance and then states "this is all speculation but the realities of the situation are that in these types of situations time and time again the subject is dissuaded from doing harm to himself and surrenders." (Docket Entry 52 at 52 (quoting

-9-

Docket Entry 52-12 at 6).) The trial judge will determine whether or not to admit such testimony. This discussion by Mr. Perry, however, does not provide cause to strike his designation as an expert. See Kopf, 993 F.2d at 379 n.3. The Court therefore will deny Defendant's Motion to Strike the designation of Mr. Perry.

Conclusion

Defendants have identified insufficient grounds to strike the designations of Mr. Cloutier and Mr. Perry.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's [sic] Expert Designations is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 18, 2012